## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THOMAS S. NEUBERGER; JERRY L.  :
MARTIN; WILLIAM R. HAGUE, JR.;  :
DELAWARE STATE SPORTSMEN'S  :
ASSOCIATION, INC; and BRIDGEVILLE  :
RIFLE & PISTOL CLUB, LTD.,  :
   :
     Plaintiffs.  :
   :  Civil Action No. 1:24-cv-
     v.  :  00590-MN
   :
NATHANIAL MCQUEEN, JR., in his  :
official capacity as Cabinet Secretary  :
Delaware Department of Safety and  :
Homeland Security; and COL. WILLIAM  :
CROTTY, in his official capacity as  :
superintendent of the Delaware State Police,  :
   :
     Defendants.  :

## PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR LEAVE TO AMEND AND
## SUPPLEMENT THE FIRST AMENDED COMPLAINT

Plaintiffs Thomas S. Neuberger; Jerry L. Martin; William R. Hague, Jr.;

Delaware State Sportsmen's Association (DSSA); and Bridgeville Rifle and Pistol

Club, Ltd. (BRPC) (collectively, "Plaintiffs"), by counsel, respectfully submits this

memorandum of law in support of its Motion for Leave to Amend and Supplement

the First Amended Complaint (the "Motion"), filed concurrently herewith.

## **INTRODUCTION**

Plaintiffs seek leave to amend and supplement their *First Amended Complaint* [D.I. 28] (the "Complaint") pursuant to Rules 15(a)(2) and 15(d) of the Federal Rules of Civil Procedure. The Complaint asserts claims against state agents (the "Defendants"), for violation of the Second Amendment and the Fourth Amendment.

Plaintiffs' proposed *Second Amended Complaint* (the "Amended Complaint"), attached hereto as Exhibit "A," seeks to: (1) to supplement the factual bases of these claims regarding Plaintiffs' imminent harm based on post-Complaint new facts; (2) add facts about the date-certain when the challenged statute will be implemented; and (3) include a new cause of action for violation of Plaintiffs' due process in light of SS 1 for SB 2's unconstitutional vagueness.

Plaintiffs, therefore, seek to amend their Complaint to add a new cause of action and to supplement their Complaint based upon new facts and information that was not available to them at the time of filing of the Complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that this Court should "freely give leave" to amend when justice so requires. Fed. R. Civ. P. 15(a)(2).

In the Third Circuit, "prejudice to the non-moving party is the touchstone for the denial" of a motion for leave to amend. Here, the Defendants will not suffer any

prejudice. *Lorenz v. CSX Corp*., 1 F.3d 1406, 1414 (3d Cir. 1993). As discussed in further detail below, the Complaint was filed November 19, 2024.

The parties have not yet commenced any discovery, and no scheduling order has been entered in this case.

Although Defendants have filed a motion to dismiss, that motion has not yet been ruled on nor has any responsive briefing taken place, and therefore consideration of that motion is not yet before this Court.[1] The Plaintiffs submit that, while confident that all counts in the Complaint as pled would have survived Defendants' motion to dismiss, the proposed amendments further ensure that any threshold arguments about pleading sufficiency are addressed in the Amended Complaint.

Thus, the Defendants will not be able to establish that any undue prejudice will occur if the Motion is granted. The Plaintiffs are seeking leave to amend and supplement the Complaint in the early stages of the case, where facts regarding SS 1 for SB 2's funding and implementation has materially changed in the few short months since the Complaint was filed. For each of these reasons, the Plaintiffs respectfully request that the Court grant the Motion and permit the Plaintiffs to file the Amended Complaint.

---

[1]    See Local Rule 7.1.1 Certification.

Regarding supplements to a complaint, as requested here, Federal Rule of

Civil Procedure 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

A Note of the Advisory Committee on Rules-1963 Amendment further provides that

"Rule 15(d) is intended to give the court broad discretion in allowing a supplemental

pleading."

## STATEMENT OF FACTS

### I.    Procedural History

On August 12, 2024, the parties, based on Plaintiff's consent to Defendants'

request, entered into a stipulation to extend the time for Defendants to answer the

Complaint until September 27, 2024 [DI 11]. Thereafter, on September 27, 2024,

Defendants filed a motion to dismiss and memorandum in support [DI 13-14].

Plaintiffs filed their First Amended Complaint on November 19, 2024. On

January 10, 2025, Defendants filed a motion to dismiss the First Amended Complaint

and memorandum in support [DI 30-31]. Thereafter, on January 14, 2025, the parties

met and conferred via Zoom regarding Plaintiffs' request for leave to file a Second

Amended Complaint and Defendants denied Plaintiffs' request. *See* Local Rule 7.1.1.

The initial status conference in this case has not yet been scheduled. The parties have not held their Rule 26(f) meeting of counsel.  Fed. R. Civ. P. 26(f).

Based on the early procedural posture, the parties have not yet exchanged their Rule 26(a)(1) initial disclosures or commenced any other discovery. Fed. R. Civ. P. 26(a)(1). With the exception of the motions to dismiss, no substantive motions have been filed. No substantive rulings have been made in this case.

## II.    The Plaintiffs' Proposed Amendments and Supplements to the Complaint

Most of the amendments and supplements to the Complaint entail either post-Complaint developments for the date-certain when the challenged statute will go into effect this year, and recent funding for the implementation—or additional factual allegations regarding Plaintiffs' imminent and concrete intent to purchase firearms subject to the challenged statute, SS 1 for SB 2. Nearly five million dollars ($5,000,000.00) for fiscal year 2025 was allocated via HB 100 and 101 on January 10 and 13, 2025 respectively. At this early stage in this case, Defendants suffer no prejudice as a result of the proposed amendments and supplements.

A redline comparison of Plaintiffs' proposed amendments and supplements between the Complaint and the Amended Complaint is attached hereto as Exhibit "B."

## ARGUMENT

The Plaintiffs' request for leave to file the Amended and Supplemental Complaint is governed by Rule 15(a)(2) and Rule 15(d) of the Federal Rules of Civil Procedure. This Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While the grant of leave to file an amended pleading is within the discretion of the Court, "the Third Circuit has adopted a liberal approach to the amendment of pleadings." *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See United States ex rel. Chang v. Children's Advocacy Ctr. of Del.*, 230 F. Supp. 3d 354, 356 (D. Del. 2017) (*citing Foman v. Davis,* 371 U.S. 178, 182 (1962)). Further, the inclusion of factual information not available to a plaintiff at the time the prior complaint was filed favors leave to amend. *Id.*

The party opposing a request for leave to amend bears the burden of establishing that a "justifying reason" exists to deny the request under Rule 15(a). *See Chancellor v. Pottsgrove Sch. Dist.,* 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007) ("burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility"); *see also Kiser v. Gen. Elec. Corp.,* 831 F.2d 423, 428 (3d Cir. 1987) (it is the opposing party's burden to prove that prejudice will occur). If the

opposing party cannot meet this burden, it is an abuse of discretion to deny a request for leave to amend. *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir. 2000).

As demonstrated below, the Defendants cannot establish a "justifying reason" to deny the Motion, and therefore the Plaintiff should be allowed to file the Amended Complaint.

## I.    The Defendants Cannot Establish That Undue Prejudice Will Occur

In the Third Circuit, "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz,* 1 F.3d 1406 at 1414.  "Unless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil,* 937 F.2d *859,* 864 (3d Cir. 1991). Moreover, any purported prejudice to the non-moving party must be balanced "against the harm to the movant if leave to amend is not granted, keeping in mind that the goal is to have cases decided on the merits." *In re Rembrandt Techs. LP Patent Litig*., 2009 U.S. Dist. LEXIS 61771, at *20 (D. Del. June 29, 2009) *report and recommendation adopted,* 2009 U.S. Dist. LEXIS 65697 (D. Del. July 29, 2009)*.* In this case, Defendants cannot establish that any undue prejudice will occur if the Plaintiffs are permitted to file the Amended Complaint. Given that no initial status conference, "meet and confer" pursuant to Rule 26(f) or discovery has occurred, filing the Amended Complaint will not have any "case management" implications.  Fed. R. Civ. P. 26(f).

Permitting the Amended Complaint to be filed will also conserve the Court's and the parties' resources. Should the parties commence to brief the pending motion to dismiss and await the Court's ruling, the most likely outcome will be (a) the incurrence of substantial time and effort by both sides (and the Court) through briefing, preparation for argument, and hearing time; and (b) in the event certain counts are dismissed, the Plaintiffs' preparation and filing of an amended Complaint. As a result, permitting the Plaintiffs to file its Amended Complaint will save the parties and the Court substantial time and expense and will not result in undue prejudice to the Defendants.

## II.    The Defendants Cannot Establish Bad Faith or Undue Delay by the Plaintiff

The "mere passage of time" does not warrant denial of a motion to amend on the grounds of delay.  *Adams v. Gould, Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).  In fact, delay alone "is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party."  *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm 'n,* 573 F.2d 820, 823 (3d Cir. 1978). Furthermore, absent "extrinsic evidence" of bad faith, delay itself is not sufficient evidence of bad faith to justify denial of leave to amend.  *Adams,* 739 F.2d 858 at 868.

Defendants have not delayed in seeking to file the Amended Complaint. In fact, significant facts have come to light regarding the funding and implementation of SS 1 for SB 2 in the time since the filing of the Complaint.

Namely, nearly $5,000,000.00 have been allocated to SS 1 for SB 2's implementation for fiscal year 2025. The same reasons that demonstrate that Defendants have suffered no prejudice also support that Plaintiffs have not delayed in seeking to file the Amended Complaint—there has not been an initial status conference, Rule 26(f) disclosures, or discovery in the case.

Rather, the bulk of the additional allegations set forth in the Amended Complaint are focused on augmenting and clarifying the factual bases of Plaintiffs' standing to bring suit, particularly in light of evolving facts regarding funding and implementation of SS 1 for SB 2 and Plaintiffs' concrete plans for purchasing firearms covered by SS 1 for SB 2.

### III.   The Defendants Cannot Establish That the Amendments Would Be Futile[2]

In assessing any purported "futility" of an amended pleading, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). If an

---

[2]    DSSA and BRPC, along with undersigned lead counsel have successfully vindicated their members' and similarly situated Delawareans' right to keep and bear arms in all four final decisions challenging the governmental attempts in Delaware to restrict those rights. See Doe v. Wilmington Housing Authority, 88 A.3d 654 (Del. 2014); Bridgeville Rifle & Pistol Club, Ltd. v. Small, 176 A.3d 632, 642 (Del. 2017); Del. State Sportsmen's Ass'n v. Garvin, 196 A.3d 1254, 1269 (Del. Super. 2018); Del. State Sportsmen's Ass'n v. Garvin, 2020 Del. Super. LEXIS 2927 (Del. Super. 2020). Standing was not defeated in any of those challenges. In fact, DSSA and BRPC have prevailed when the final appeals were decided on the merits, or the state did not appeal a win, in every Delaware challenge they have made based on the right to keep and bear arms—and in none of those cases was standing of DSSA or BRPC successfully challenged.

amended pleading is alleged to be futile, the "better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised . . . [when] the burden is on the moving party to show beyond a doubt that the plaintiff . . . could show no set of facts in support of his claim [that] would entitle him to relief." *Agere Sys. Guardian Corp. v. Proxim, Inc.,* 190 F. Supp. 2d 726, 736 (D. Del. 2002) (citations omitted). "Only where it is clear to the court at this time that a claim has no possibility of succeeding on the merits, will the court disallow it by denying leave to amend." *Id.* (granting leave to add defendant based on theories of both direct and alter ego liability, because "[t]o the extent Agere Guardian and Agere Systems believe that there is no basis for Agere Systems to be in this case ... Agere Guardian and Agere Systems may test the sufficiency of these theories by subsequent motion practice").

In this case, the Amended Complaint adds a new, colorable claim for violation of Plaintiffs' due process based upon SS 1 for SB 2's unconstitutional vagueness, and expands the factual allegations in support of the existing claims with new information that strengthens those claims—claims which, Plaintiffs submit, were already "colorable" claims that would withstand a motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

Thus, as set forth above, the Defendants will not be able to meet their burden of establishing that the Plaintiffs' proposed amendments will result in undue prejudice to the Defendants, that the Plaintiffs unduly delayed or acted in bad faith in seeking leave to amend the Complaint, or that the Plaintiffs' proposed amendments would be futile. Accordingly, the Plaintiffs' Motion should be granted.

## IV.    The Standard for Supplementing the Complaint Has Been Met

There is a "just" basis for the Court to exercise its "broad discretion" to permit Plaintiffs to supplement their pleading. *See* Fed. R. Civ. P. 15(d). Namely, nearly five million dollars ($5,000,000.00) for fiscal year 2025 was allocated to SS 1 for SB 2 via HB 100 and 101 on January 10 and 13, 2025, respectively. Plaintiffs' propose amendments and supplements, therefore, serve Rule 15(d)'s function to allow "a court to grant a party the ability to 'serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citing Fed. R. Civ. P. 15(d)). This also serves Rule 15(d)'s function promoting "a complete adjudication of the dispute between the parties." *Id.* (internal citations omitted).

## CONCLUSION

For all of the foregoing reasons, the Plaintiff respectfully requests that the Motion be granted in its entirety, and the Plaintiff be allowed to file the Amended

and Supplemental Complaint, prior to the deadline to reply to the pending Motion to

Dismiss.

                                        Respectfully submitted,

                                        LEWIS BRISBOIS
                                            BISGAARD & SMITH LLP

OF COUNSEL:                              */s/ Francis G.X. Pileggi*
Joseph G.S. Greenlee                     Francis G.X. Pileggi (No. 2624)
Erin M. Erhardt                          Scott D. Cousins (No. 3079)
National Rifle Association of            Alexander D. MacMullan
    America – Institute for Legislative  (Admitted *pro hac vice*)
    Action                               500 Delaware Ave., Suite 700
11250 Waples Mill Road                   Wilmington, DE 19801
Fairfax, VA  22030                       (302) 985-6000
                                         Francis.Pileggi@LewisBrisbois.com
Dated:  February 11, 2025                Scott.Cousins@LewisBrisbois.com
                                         Alexander.MacMullan@LewisBrisbois.com

                                        *Counsel for Plaintiffs*