IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS S. NEUBERGER; JERRY L.          )
MARTIN; WILLIAM R. HAGUE, JR.;         )
DELAWARE STATE SPORTSMAN'S             )
ASSOCIATION, INC; and BRIDGEVILLE      )
RIFLE & PISTOL CLUB, LTD.,             )
                                       )
                Plaintiffs,            )
                                       )
        v.                             )    C.A. No. 24-590 (MN)
                                       )
DELAWARE DEPARTMENT OF SAFETY          )
AND HOMELAND SECURITY;                 )
NATHANIAL MCQUEEN, JR., in his         )
official capacity as Cabinet Secretary,)
Delaware Department of Safety and      )
Homeland Security; and COL. MELISSA    )
ZEBLEY, in her official capacity as    )
Superintendent of the Delaware State Police, )
                                       )
                Defendants.            )

**MEMORANDUM ORDER**

At Wilmington, this 27th day of March 2026:

WHEREAS, in March of 2024, the Delaware Legislature passed Senate Bill No. 2 ("SB 2"), and its amendment, Senate Substitute No. 1 ("SS 1"), which introduced a permit-to-purchase requirement for purchase of handguns in Delaware, and that law went into effect on November 16. 2025 as 11 Del. C. § 1448D;

WHEREAS, in their Second Amended Complaint (D.I. 39), Plaintiffs challenged that law prior to its implementation as an impermissible burden on the Second Amendment (Count I), as violative of the Fourth Amendment's prohibition on unreasonable searches and seizures (Count II) and as unconstitutionally vague (Count III);

WHEREAS, Defendants have challenged Plaintiffs' standing to assert Counts I and II (D.I. 42 at 6-10, 16-17);

WHEREAS, even in constitutional cases, there is no "unqualified right to pre-enforcement review" and courts "may hear a case before a person's rights are violated only if the threat is imminent." *Whole Women's Health v. Jackson*, 595 U.S. 30, 49 (2021); *Nat'l Shooting Sports Found. v. Att'y Gen. of New Jersey*, 80 F. 4th 215, 217 (3d Cir. 2023);

WHEREAS, to have standing pre-enforcement of the law, Plaintiffs must allege conduct "affected with a constitutional interest," that is arguably forbidden by statute, and where "the threat of enforcement against them is substantial." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (citing *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)); *Nat'l Shooting Sports Found.*, 80 F. 4th at 219;

WHEREAS, Plaintiffs are either individuals or gun associations who have not alleged that they sell guns or will be subject to the criminal liability or administrative consequences that result from the law, but only that they may be forced to expend money throughout the application process. *Compare* (D.I. 38 ¶¶ 47, 49, 50, 141) (alleging, without reference to statutory language, a general fear of prosecution) *with* 11 Del. C. § 1448D (creating no cause of criminal liability) *and* 11 Del. C. § 1448A(a)(2) ("A *transferor* may not sell, transfer, or deliver from inventory a handgun to any other person . . . unless the buyer or transferee has a valid handgun qualified purchaser permit issued by the State Bureau of Identification under § 1448D of this title") (emphasis added) *and* 11 Del. C. § 1448A(a)(3)b ("'Transferor' means a licensed dealer, licensed manufacturer, or licensed importer, or employee thereof, or any other person who *sells*, *transfers* or *delivers* a firearm.") (emphasis added); *but see* (D.I. 38 ¶¶ 61, 63) (alleging an applicant's required expense

2

of a firearms training course, the cost of firing 100 rounds of ammunition, fingerprinting, and a background check, and the removal of a firearm training course voucher program);

WHEREAS, Plaintiffs could have purchased handguns at any point since they filed their initial complaint on May 16, 2024, without going through the permitting process, but after alleging for ten months and multiple iterations of their complaint that their purchases were imminent (D.I. 1 ¶¶ 26–36; D.I. 28 ¶¶ 23–33; D.I. 39 ¶¶ 24-37), the individual Defendants apparently did not do so;

WHEREAS, Plaintiffs similarly do not allege an imminent enforcement action effecting an unconstitutional seizure, only that the challenged statute – or a Delaware official's floor comments on the statute – suggest unbridled firearm seizure.  *See* D.I. 39 ¶¶ 3, 58, 59, 133, 142 (discussing Cabinet Secretary McQueen's comments); *see also, e.g., Id.* ¶¶ 6, 136, 143 (alleging a fear that any firearm purchased with or without a permit might be seized);

WHEREAS, these allegations fail to describe "circumstances that render the threatened enforcement sufficiently imminent," *Susan B. Anthony List*, 573 U.S. at 159, but leave open the possibility that factual circumstances may change when the statute is actively in effect;

WHEREAS, Defendants do not challenge Plaintiffs' standing for Count III but rather argue that it fails to state a claim (D.I. 42 at 20-24);

WHEREAS, a statute is unconstitutionally void for vagueness only "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits", or "if it authorizes or even encourages arbitrary and discriminatory enforcement," *Hill v. Colorado*, 530 U.S. 703, 732 (2000);

WHEREAS, here, the parties' briefing narrows the vagueness inquiry to one subsection, 11 Del. C. § 1448D(f)(3) (D.I. 42 at 21, 44 at 22), where the Court's inquiry considers "the entire paragraph discussing the prohibition [of conduct]," *Borden v. Sch. Dist. of Twp. of E. Brunswick*,

3

523 F. 3d 153, 167 (3d Cir. 2008) as part of an effort to determine "what the [statute] as a whole prohibits." *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972);

WHEREAS, despite Plaintiff's concern about the statute's use of the word danger, *see* D.I. 44 at 24, the statute unambiguously provides a "reasonable opportunity to understand what conduct it prohibits," *Hill*, 530 U.S. at 732, because § 1448D(f)(3) informs the meaning of danger to be those capable "of causing physical injury to self or others by owning, purchasing, or possessing firearms." 11 Del. C. § 1448D(f)(3);

WHEREAS, even if the Court were to accept as true Plaintiffs' position that 1448D(f)(3)'s plain text "provides no guidance to the Director on what criteria dangerousness should be judged," (D.I. 44 at 30), that still would not require the Court to find the State's scheme impermissibly vague, because "danger" in § 1448D(f)(3) is couched between other sections directly referring to physical safety and gun violence, including the context given to danger by safety requirements in the firearm training course, like violent confrontation and suicide prevention. *See* D.I. 42 at 22 (citing 11 Del. C. § 1448D(f)(4)(j)-(k); *see also Jarecki v. G. D. Searle & Co.*, 367 U.S. 303, 307 (1961) (determining the meaning of a word by "compar[ing] subparagraphs" in a statute);[1]

WHEREAS, the Court must also determine whether the statute "authorizes or even encourages arbitrary and discriminatory enforcement," *Hill*, 530 U.S. at 732, which § 1448D does not, because § 1448D(f)(3) reads: "[i]f supported by probable cause, a person who poses a danger of causing physical injury to self or others by owning, purchasing, or possessing firearms", and "probable cause is an objective standard" that demands of law enforcement a "reasonably

---

[1]    That analysis is further bolstered by a direct consideration of 11 Del. C. § 1448D(f)(4), which also gives danger a physical safety context through descriptions of safe firearm handling, safe ammunition storage, and how to safely deescalate a violent confrontation and, as such, a person of common intelligence would not have to guess at the statute's meaning. *See Borden*, 523 F. 3d at 167.

trustworthy knowledge of facts." *District of Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018); *Schneyder v. Smith*, 653 F. 3d 313, 323 (3d Cir. 2011);

WHEREAS, the Court is satisfied that the statute does not "fail[] to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits", nor does it "authorize[] or even encourage[] arbitrary and discriminatory enforcement," *Hill*, 530 U.S. at 732, and consequently Plaintiffs' Count III fails to state a claim for vagueness; and

WHEREAS, because this Court is not convinced that it would be impossible for Plaintiffs to plead standing for Counts I and II now that 11 Del. C. § 1448D is in effect, and because the Court believes that it "would be inequitable" not to allow Plaintiffs an attempt to supplement their Complaint if they may yet be able to assert standing, *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 111 (3d Cir. 2002).

THEREFORE, IT IS HEREBY ORDERED that, notwithstanding prior stipulations by the parties and orders of the Court, Defendants' motion to dismiss (D.I. 41) is GRANTED-IN-PART, such that:

1.      Plaintiffs' Count I is DISMISSED WITHOUT PREJUDICE for lack of standing;

2.      Plaintiffs' Count II is DISMISSED WITHOUT PREJUDICE for lack of standing; and

3.      Plaintiffs' Count III is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs shall have 60 days from the date of this order to file a Third Amended Complaint, which shall be their last.

The Honorable Maryellen Noreika
United States District Judge

5